SIGNED.

Dated: November 29, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| KURT ALTON GALPIN, | ) | No. 4:07-bk-01089-JMM |
| Debtor. | ) | **MEMORANDUM DECISION** |

Before the court is the Debtor's motion for reconsideration of an order which re-converted the case to one under chapter 7. The court, pursuant to FED. R. BANKR. P. 9023, treats this as a motion to alter, amend, or set aside its order of November 1, 2007 (Dkt. #44).

## PROCEDURAL BACKGROUND

The Debtor filed a voluntary chapter 7 liquidation proceeding on June 15, 2007. A Trustee was appointed who, over the next 2 1/2 months, began administering the Debtor's estate.

As the Trustee began to investigate certain matters in the Debtor's pre-petition handling of his affairs, and filed an adversary proceeding to set aside a vehicle lien, the Debtor decided to convert his case to a proceeding under chapter 13. On September 5, 2007, the Debtor filed a motion to convert to chapter 13.

Believing the matter to be a routine conversion, the court signed the lodged order five days later, on September 10, 2007 (Dkt. #24). However, the chapter 7 Trustee, properly believing he had five days within which to object, pursuant to ARIZ. LOCAL RULE 9014-2(b)(3), filed an objection to the

conversion on the same day as the court signed the order, but it was docketed later in the day, and after the court signed the conversion order. The Trustee's objection was within the five days permitted by local rule.

Thus, the court's premature order and the and the Trustee's timely objection "crossed in the mail."

The next event that occurred was that the court then set the Trustee's objection for hearing on October 29, 2007. The Debtor filed no response, and made no appearance on October 29, 2007, to oppose the Trustee's objection. The court then ordered the chapter 13 case re-converted to chapter 7, and signed that order on November 1, 2007 (Dkt. #44).

The Debtor, apparently having gotten wind of the unfavorable outcome of the October 29, 2007 hearing, filed a motion to set aside the re-conversion order (Dkt. #43), even before the court's order was docketed. That motion was then set for hearing on November 26, 2007, at which time all parties appeared and argued their respective positions.

**THE LAW**

Before February 21, 2007, it was an "anomaly" in the law (as well as a conflict between the Circuits) as to whether a chapter 7 debtor had an automatic right to convert a chapter 7 case to a chapter 13 at any time. 11 U.S.C. § 706(a).

Then, on February 21, 2007, the United States Supreme Court filed its decision in *Marrama v. Citizens Bank of Mass.*, _ U.S. _, 127 S. Ct. 1105 (2007). In that case, the court was specifically confronted with whether such relief was an automatic entitlement, or whether a judicial decision was needed if such relief was challenged.

In a 5-4 decision, the Court concluded that a debtor did not have an absolute right to convert from a chapter 7 proceeding to a chapter 13. Now, a debtor's opposed motion to convert requires a court's ruling as to whether the debtor has evidenced the good faith necessary to convert from one chapter to another.

In the instant case, the court order granting the conversion motion occurred within five days of the motion. The chapter 7 Trustee's opposition thereto was filed later that same day. Thus, the legal

2
Case 4:07-bk-01089-JMM    Doc 62    Filed 11/29/07    Entered 11/30/07 07:43:30    Desc
                          Main Document    Page 2 of 4

question is: did a five-day delay in entering what, at the time, appeared to be an unopposed and routine motion, allow such "reasonable notice and opportunity for a hearing [to] . . . the party against whom relief is sought."

The court concludes that it did not. The local rules require that a five-day period intervene between the filing of a motion and an opposition before a court rules on what should otherwise be a contested matter under FED. R. BANKR. P. 9014. ARIZ. LOCAL RULE 9014-2(b)(3). In this case, the chapter 7 case had been pending over 2 1/2 months; the § 341(a) meeting had been concluded five weeks earlier; the Trustee had engaged counsel; the Trustee had commenced an adversary proceeding to recover assets seven weeks earlier (Adv. No. 4-07-ap-00056); and the case appeared to be moving toward the prompt liquidation and collection of non-exempt assets.[1]

Under the circumstances, the court acted improvidently in moving too quickly to allow conversion without an opportunity for the chapter 7 Trustee to timely respond, and to be heard in opposition thereto.

Whatever problems were created, however, by the too-quick conversion to chapter 13 have now been remedied by the November 1, 2007 order which moved the case back into chapter 7. Should the Debtor seek another attempt at converting the case into chapter 13, then, in accordance with *Marrama*, he should file a new motion, accompanied by a request for evidentiary hearing, and prove that his request is not improperly motivated.

There is no need to set aside the order of re-conversion. The case has been returned to the appropriate procedural posture, awaiting only a future showing, should the Debtor desire, that satisfy the *Marrama* standards for chapter 13 eligibility.



---

[1] The adversary proceeding sought to set aside a preference, and recover a lien for the benefit of creditors. §§ 547, 550, and 551.

3
Case 4:07-bk-01089-JMM    Doc 62    Filed 11/29/07    Entered 11/30/07 07:43:30    Desc
Main Document    Page 3 of 4

**RULING**

The Debtor's motion to set aside the conversion order of November 1, 2007 will be denied. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served as indicated below on the
date signed above:

Eric Slocum Sparks
Law Office of Eric Slocum Sparks, P.C.
110 South Church Ave., #2270
Tucson, AZ 85701-3031
Attorneys for Debtor                                  Email eric@ericslocumsparkspc.com

Dina L. Anderson                                      Email dla@anlawfirm.com
Trudy A. Nowak                                        Email tan@anlawfirm.com
Anderson & Nowak, PLC
2211 E. Highland Avenue, Suite 211
Phoenix, AZ 85016
Attorneys for Chapter 7 Trustee

Stanley J. Kartchner, Chapter 7 Trustee
7090 N. Oracle Rd., #178-204
Tucson, AZ 85704                                      Email trustee@kartchner.bz

Craig Morris
Craig Morris, PC
1790 East River Road Suite 245
Tucson, AZ 85718                                      Email: craigmorrispc@qwest.net
Attorneys for Chapter 13 Trustee

Dianne C. Kerns, Chapter 13 Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305                                 Email mail@dcktrustee.com

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ  85003-1706                               U.S. Mail


By /s/   M. B. Thompson
     Judicial Assistant